Jerry YONO, Plaintiff-Appellant,

v.

COLUMBUS LANDINGS, LTD., Defendant-Appellee.

No. 77–1441.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1979.

Decided July 23, 1979.

Edward F. Bell, Bell & Hudson, P. C., Detroit, Mich., for plaintiff-appellant.

Elliott R. Perlman, Perlman, Garber & Holtz, Southfield, Mich., for defendant-appellee.

Before WEICK, CELEBREZZE and KEITH, Circuit Judges.

PER CURIAM.

Yono's suit in the District Court was for rescission of a written contract entered into by him on May 29, 1970, with Columbus Landings, Limited, (Columbus) a development corporation, for the purchase of vacant lots on the Island of San Salvador, Bahamas. Yono purchased the land for investment purposes. He wanted a site on which a hotel could be erected. The site he purchased could not be used for any such purpose but it was agreed that it could be exchanged for such a site when it became

available in the planning of three more subdivisions on the island.

The contract provided that Columbus would build access roads to each lot covered by the contract prior to the expiration of the contract maturity date which was eight years. Yono insisted the roads be built within three years and an addendum was entered into providing therefor.

A year later an agreement was entered into transferring Yono's land in Columbus Landings No. 1 to the promised hotel site in Columbus Landings No. 3 which was bounded on two sides by the ocean. For several years thereafter Yono continued to make payments on the contract. The access road to Yono's lots was completed in March 1972. In August 1974 Yono ceased payment on the property and demanded return of the money he had paid. He claimed that Columbus had not built roads on all of the subdivisions on the island within three years and that representations made by the agents of Columbus were materially false and knowingly fraudulent. He filed suit for rescission in the District Court. Jurisdiction was based on diversity of citizenship.

The District Judge, sitting at a bench trial, interpreted the contract. He held that there was no breach of contract by Columbus since "all roads" meant all access roads and the one access road on the island had been timely built. He also found that the contract had been materially and substantially performed by Columbus. He also found that Columbus had made no fraudulent representations; that opinions given as to the value of the land made by agents of Columbus were mere "puffing" and were not actionable.

The District Judge applied Michigan law which conforms to the criteria set forth in Restatement of the Law of Contracts (1933) to determine whether a breach is material. *Walker & Co. v. Harrison*, 347 Mich. 630, 81 N.W.2d 352 (1957). Thus, even if there was a breach, the court found it was not material.

We are of the opinion that the findings of fact of the District Court are supported by substantial evidence and are not clearly erroneous. Its conclusions of law are correct.

We affirm the judgment of District Judge Kaess for the reasons herein stated and as amplified in his memorandum opinion. It is so ordered.

KEITH, Circuit Judge, dissenting.

Mr. Yono, the plaintiff, ended up with a block of land in subdivision III of the defendant's real estate development on the island of San Salvador. It is undisputed that he wished to build an hotel on his land and that he insisted on a contractual term that "all roads must be completed within a maximum time limit of three years."

I think that "all roads" means what it says and should be given its plain meaning. Further, in light of evidence that there is only one "access" road around the island, which was in existence when the contract was signed, I see no basis for the district court's conclusion that "all roads" meant "all access roads.

Contrary to the district court, I further believe that this breach was material. The plaintiff was interested in investing in an hotel site and bought the land on that understanding. The defendant's failure to build all of the roads on time hampered development which would have increased the desirability and profitability of building an hotel. Given that plaintiff's investment was made with the view to building an hotel and that the plaintiff specifically insisted that all roads be built within three years, I do not see how the breach could be anything but material.

I would reverse and remand with directions to grant rescission of the contract.